# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

CRYSTAL R. BERNARD

VERSUS

RANDALL L. BERNARD

NO. 2025 CW 0874

**SEPTEMBER 18, 2025**

---

In Re: Crystal R. Bernard, applying for supervisory writs, 21st Judicial District Court, Parish of Livingston, No. 167,128.

---

**BEFORE: MILLER, EDWARDS, AND FIELDS, JJ.**

    **WRIT GRANTED WITH ORDER.** The district court's "Interim Custody Judgment" rendered on July 30, 2025, and signed August 12, 2025 granting temporary sole custody of the children to Richard and Paula Buhler is vacated. Biological parents have a fundamental constitutional right to parent their children-to make decisions regarding care, custody, and control-without interference by third parties. **Troxel v. Granville,** 530 U.S. 57, 66, 120 S.Ct. 2054, 2060, 147 L.Ed.2d 49 (2000). In any custody dispute, consideration of the best interest of the child must be balanced with the fundamental rights of the parent. When a parent competes with a non-parent of the child, the parent's right to custody is superior unless the parent is unable or unfit, having forfeited parental rights. **Jones v. Coleman,** 44,543 (La. App. 2nd Cir. 7/15/09), 18 So.3d 153, 159. The Buhlers' verified petition and affidavit in support of interim custody of the children is speculative at best. Pursuant to La. Code Civ. P. art. 3945, the Buhlers bore the burden of proof to establish that an award of custody of the children to their mother, Crystal Bernard, pending trial would result in immediate and irreparable injury to them. No evidence, other than the suit record containing the pleadings, was introduced to support the trial court's order awarding temporary sole custody of the children to the Buhlers pending trial. Accordingly, the trial court's "Interim Custody Judgment" is vacated and the children are ordered immediately transferred to the custody of their mother pending trial.

BDE

    **Miller and Fields, JJ.,** concur. The interim order of custody expired by operation of law pursuant to La. Code Civ. P. art 3945 and is without effect. Accordingly, we concur that the writ should be granted and the custody of the children immediately transferred to their mother pending trial.

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
  FOR THE COURT